IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMYE PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-0654-CV-W-DW |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Jamye Preston appeals the denial of his application for disability insurance benefits and supplemental security income. Preston asserts he has a disability caused by spine disorders, RSD, Raynaud's phenomena, affective disorder, anxiety, and mental retardation. After a hearing, an ALJ found that Preston was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. This Court reverses and remands for further consideration.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The Court has carefully reviewed the record, including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence.  In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision.  Specifically, the Court finds the ALJ erred in relying too heavily on the opinion of non-treating non-examining physician Dr. Brahms, whose testimony is, at least in part, inconsistent with the record as a whole.  See Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003) (opinion of non-treating physicians who have attempted to evaluate a claimant without the benefit of an examination not normally considered substantial evidence).  Relatedly, the record does not support the decision to give little weight to the opinions of several treating and examining medical professionals, including Dr. Moore, Dr. Hopkins, and Dr. Cotter.  In light of an appropriate weighing of the evidence, the commissioner is instructed to reconsider: (1) whether RSD and borderline intellectual functioning are severe impairments, see Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989) (impairment non-severe only "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work"); (2) whether Preston meets a listing impairment, with explicit consideration of the Raynaud's disease listing, and of equivalency; and (3) Preston's RFC, because it appears that a finding of ability to do light work is not supported by substantial record evidence.

Therefore, the Court hereby REVERSES the decision of the commissioner, and ORDERS

that this case is REMANDED pursuant to 42 U.S.C. § 405(g), sentence 4, for further proceedings consistent with this Order.  The Clerk of Court is directed to enter a final judgment pursuant to Federal Rule 58.

      SO ORDERED.

                                              /s/ DEAN WHIPPLE
                                                  Dean Whipple
                                            United States District Judge

Date:  June 30, 2006